```
G. GEOFFREY ROBB (131515)
PETER R. WITHERINGTON (294128)
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, CA  94608
Telephone:  (415) 348-6000
Facsimile:  (415) 231-0037
Email:      grobb@gibsonrobb.com
            pwitherington@gibsonrobb.com
```

Attorneys for Plaintiffs
NAVIGATORS INSURANCE COMPANY,
AXIS INSURANCE COMPANY, and
CERTAIN UNDERWRITERS SUBSCRIBING
TO POLICY NO. MC-FAL-7000060

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY, AXIS INSURANCE COMPANY, and CERTAIN UNDERWRITERS SUBSCRIBING TO POLICY NO. MC-FAL-7000060,<br><br>Plaintiffs,<br><br>v.<br><br>ROHLIG USA, LLC: and DOES 1 to 10.<br><br>Defendants. | Case No. 2:25-cv-11155<br><br>**COMPLAINT FOR DAMAGE TO OCEAN CARGO**<br><br>(Damages in the sum of $75,893.10) |

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiffs' complaint follows:

1. Plaintiff NAVIGATORS INSURANCE COMPANY, AXIS INSURANCE COMPANY, and CERTAIN UNDERWRITERS SUBSCRIBING TO POLICY NO. MC-FAL-7000060 ("Plaintiffs"), are now, and at all times herein material were, corporations, duly organized and existing by virtue of law, and Plaintiffs were the insurers of the hereinafter described cargo.

2. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that ROHLIG USA, LLC, a limited liability corporation, and DOES 1 to 10, (hereafter "Defendants"), are now and at all times herein material were engaged in business as common carriers for hire within the United States and within this judicial district.

3. The true names of defendants sued herein as DOES 1 to 10, each of whom is responsible for the events and matters herein referred to, and each of whom caused or contributed to the damage herein complained of, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend their complaint to show the true names of said defendants when the same have been ascertained.

4. Plaintiffs' complaint contains a cause of action for damage to cargo arising under a statute of the United States, namely the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein. Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. Venue is proper under 28 U.S.C. § 1391(b).

5. This is a cause of action for damage to ocean cargo, and is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as hereinafter more fully appears.

/ / /

/ / /

6. Plaintiffs are informed and believe, and on the basis of such information and belief allege that, on or about February 3, 2025, at Yantian, China, Defendants, and each of them, received a shipment of audio equipment for carriage under bills of lading numbers S04543399, and others, issued by and/or on behalf of said defendants. Defendants, and each of them, agreed, under contracts of carriage and in return for good and valuable consideration, to carry said cargo from Yantian, China to Louisville, Kentucky via Los Angeles, California, and there deliver said cargo to the lawful holder of the aforementioned bill of lading, and others, in the same good order, condition, and quantity as when received.

7. Thereafter, in breach of and in violation of said agreements, Defendants, and each of them, did not deliver said cargo in the same good order, condition, and quantity as when received at Yantian, China. To the contrary, a portion of the cargo was never delivered while in the care, custody, and control of Defendants. The value of the non-delivered cargo was $75,893.10.

8. Prior to the shipment of the herein described cargo and prior to any loss thereto, Plaintiffs issued their policy of insurance whereby Plaintiffs agreed to indemnify their insured, against its liability for loss of or damage to said cargo while in transit, including mitigation expenses, and Plaintiffs have therefore become obligated to pay, and have paid to the person entitled to payment the sum of $75,893.10, which is the value of the non-delivered cargo and related loss and expense on account of the herein described loss.

9. Plaintiffs have therefore been damaged in the sum of $75,893.10, or another amount according to proof at trial, no part of which has been paid, despite demand therefore.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Defendants, and each of them; that this Court decree payment by Defendants, and each of them, to Plaintiffs in the sum of $75,893.10, together with prejudgment interest thereon and costs of suit herein; and that Plaintiffs have such

1  other and further relief as in law and justice it may be entitled to receive.

2

3                                            Respectfully submitted,

4  Dated: November 21, 2025                  GIBSON ROBB & LINDH LLP

5

6                                            /S/ PETER. R WITHERINGTON
                                             Peter R. Witherington
7                                            pwitherington@gibsonrobb.com
                                             Attorneys for Plaintiffs
8                                            NAVIGATORS INSURANCE COMPANY,
                                             AXIS INSURANCE COMPANY, and
9                                            CERTAIN UNDERWRITERS
                                             SUBSCRIBING TO POLICY NO.
10                                           MC-FAL-7000060

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28